1
2
3
4
5

**NOT FOR CITATION**

6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8
9
10

JASMINE SOHAL,

11

       Plaintiff,                  No. C-05-4070 PJH

12

                                   No. C-05-4519 PJH

13

    v.                      **ORDER GRANTING DEFENDANTS'**

14

DEPARTMENT OF INDUSTRIAL        **MOTIONS TO DISMISS**
RELATIONS - DIVISION OF WORKERS'

15

COMPENSATION, ADMINISTRATIVE
LAW JUDGES ASSIGNED TO W.C.A.B.

16

CASES OAK 0196995 AND OAK 0203653
AND DOES 1-50,

17

       Defendants.

18

_____

19

JASMINE SOHAL,

20

       Plaintiff,

21

    v.
DEPARTMENT OF INDUSTRIAL

22

RELATIONS - DIVISION OF WORKERS'
COMPENSATION, WCJ/REFEREE AND

23

DOES 1-10,

24

       Defendants.

_____/

25

    Defendants' motions to dismiss plaintiff's complaints in the above cases came on for

26

hearing on April 19, 2006, before this court.  Pro per plaintiff Jasmine Sohal ("Sohal") did

27

not appear.  Defendants Department of Industrial Relations - Division of Workers'

28

1 Compensation ("Division") and WCJ/Referee ("WCALJ Baird") appeared through their

2 counsel, James M. Robbins.  Having carefully reviewed the parties' papers and considered

3 the arguments and the relevant legal authority, and good cause appearing, the court

4 hereby GRANTS defendants' motions for the reasons that follow.

5                                                    **BACKGROUND**

6           On October 7, 2005, Jasmine Sohal ("Sohal") filed her original complaint in case no.

7 05-4070 PJH against the Division and WCALJ Baird.  She also filed an application to

8 proceed in forma pauperis ("IFP") on October 7, 2005.  On November 3, 2005, this court

9 dismissed Sohal's complaint with leave to amend.

10          On November 4, 2005, Sohal filed a new case with this court, case no. 05-4519

11 WHA (now PJH), against the Division and WCALJ Baird, along with another application to

12 proceed IFP.

13          On November 10, 2005, this court related case no. 05-4519 to the earlier-filed case

14 no. 05-4070.  Because it appeared that Sohal intended the complaint filed in 05-4519 as

15 the amended complaint in case no. 05-4070, the court closed case no. 05-4070 as

16 duplicative.  However, on November 17, 2005, Sohal filed a motion to reconsider the

17 closing of case no. 05-4070.  Sohal asserted that she did not intend the November 4, 2005

18 complaint filed in case no. 05-4519 to be the amended complaint in case no. 05-4070.  She

19 asserted that the complaints involved different claims.  Additionally, on November 14, 2005,

20 Sohal withdrew her request to proceed IFP in case no. 05-4519 and paid the filing fees.  On

21 December 8, 2005, this court granted Sohal's motion to reopen case no. 05-4070.

22          On February 9, 2006, Sohal filed an amended complaint ("1AC") in case no. 05-

23 4070.  On February 17, 2006, she also withdrew her request to proceed IFP and paid the

24 filing fees.

25          Subsequently, on March 8, 2006, the Division and WCALJ Baird, the only named

26 defendants, filed motions to dismiss the complaints in both cases.  On April 14, 2006, three

27 court days prior to the hearing in this case, Sohal filed an amended complaint in case no.

28 05-4519 against the Division and WCALJ Baird.

1    The court notes that while Sohal has not been officially declared a vexatious litigant,

2    she is no stranger to the courts.  Sohal has had several cases in this district before the

3    Honorable Judge Jensen.  95-0490 DLJ; 98-3364 DLJ; 00-0920 DLJ; 01-2816 DLJ;

4    Additionally, Sohal has had a number of cases in the California state courts.  The cases

5    before Judge Jensen, filed in 1995, 1998 and 2001 all involved the same defendant, Pacific

6    Bell, who is also the defendant in her workers' compensation cases which are the subject

7    of the cases before this court.  All of the cases stem from her employment with Pacific Bell.

8    Sohal subsequently appealed Judge Jensen's dismissal of those cases to the Ninth Circuit,

9    which affirmed the dismissals.

10                              **SOHAL'S CLAIMS**

11   A.    Case No. C 05-4070 PJH

12         1.    Original Complaint

13         In the original complaint in case no. 05-4070, Sohal brought three causes of action

14   against the Division and WCALJ Baird.  As noted, though, because Sohal requested IFP

15   status, the court dismissed the original complaint with leave to amend as an impermissible

16   collateral attack on a prior state court decision and on the basis of judicial immunity.

17         2.    Amended Complaint

18         Sohal's February 9, 2006 amended complaint in case no. 05-4070 is very similar to

19   the original complaint.  In the amended complaint, Sohal brings four claims against the

20   Division and WCALJ Baird.

21         Sohal's first claim, like that in her original complaint, alleges violation of the

22   Fourteenth Amendment to the U.S. Constitution and Article one, Section seven of the

23   California State Constitution.  Sohal alleges the same facts in the amended complaint as in

24   the original complaint.  The only differences between the amended and the original

25   complaint is that Sohal no longer alleges that WCALJ Baird is personally liable under

26   42 U.S.C. § 1983, and Sohal no longer brings her constitutional claims under 42 U.S.C. §

27   1983.  Sohal thus brings this claim solely against the Division and directly under the U.S.

28   Constitution.

1    Sohal's second claim was not in her original complaint.  In this cause of action,

2    Sohal requests "independent judicial review" of the orders in her workers' compensation

3    cases.  She alleges that WCALJ Baird's decisions in case nos. OAK 0196995 and OAK

4    0203653 are invalid because he denied her request to compel witnesses and to continue

5    the hearing, because she was not allowed to cross-examine legal counsel for the defendant

6    Pacific Bell, and because she was denied "adjudication" of issues regarding her

7    rehabilitation, reimbursement of "self-procured" treatment and payment for the court

8    ordered medical exam.  She alleges that WCALJ Baird's findings of fact are not supported

9    by the evidence.

10   Sohal's third claim, also found in the original complaint, alleges negligence per se

11   against the Division and WCALJ Baird based on the same facts, that defendants violated

12   the California Code of Regulations by failing to file the same documents discussed in the

13   original complaint's second cause of action.

14   Sohal's fourth claim, intentional infliction of emotional distress, is also alleged in the

15   original complaint.  Sohal brings this cause of action against the Division and WCALJ Baird.

16   She also alleges the same facts and violations as she does in the original complaint.

17   Sohal requests the same relief as in the original complaint, but, in addition, she also

18   requests damages for both workers' compensation cases.

19   B.    Case No. C 05-4519 PJH

20   As noted, several days prior to the hearing, Sohal submitted an amended complaint

21   in the case.  Because she did not specify her intent in submitting the amended complaint

22   while the defendants' motion to dismiss is pending, and did not appear at the hearing, the

23   court has reviewed both the original and the amended complaints for sufficiency.

24

25

26        1.    Original Complaint

27

28

4

1    In her original complaint, Sohal brings six causes of action against the Division and

2  WCALJ Baird.  These claims, like those in Sohal's 1AC in case no. 05-4070, appear to

3  arise from the same operative facts concerning the workers' compensation proceedings.

4    Sohal's first claim is for abuse of process.  Sohal first cites to the California Code of

5  Regulation Title eight, Article 1.6, Section 9720.1.  She alleges that on November 6, 2004,

6  she received a copy of the Minutes of Hearing ("Minutes") and Summary of Evidence

7  ("Summary") from her workers' compensation hearing for case nos. OAK 0196995 and

8  OAK 0203653.  She alleges that the Minutes and Summary contain fraudulent portions.

9  The alleged fraudulent portions concern her testimony about a co-employee from Pacific

10  Bell who was taking and selling drugs near her residence, and Sohal's denial that she ever

11  had  any "problems or issues" with substance abuse.

12    In conjunction with this first claim, Sohal alleges that she testified at the October 7,

13  2004 workers' compensation hearing about a "libelous publication," written by Pacific Bell,

14  concerning her alleged criminal activities.  Sohal alleges that she offered into evidence

15  documents as proof that she did not commit the alleged criminal activities.  Sohal describes

16  in detail her testimony about the "libelous publication" and the subsequent dismissal of her

17  case against Pacific Bell.  Sohal claims that the Division and WCALJ Baird misused the

18  Minutes and Summary to falsify records, and fabricate her testimony.  She alleges that the

19  Division's and WCALJ Baird's intentions were to give an advantage to Pacific Bell in her

20  workers' compensation cases.

21    Sohal's second claim alleges negligence per se.  Sohal cites to the California Code

22  of Regulations Title eight, Article nine, Section 10566, for the proposition that the summary

23  of evidence required by the labor code must include a "fair and unbiased summary" of each

24  witness' testimony.  She alleges that the Division and WCALJ Baird violated this provision

25  of the regulation when they admitted the above-mentioned "fraudulent" portions of the

26  Minutes and Summary.

27    Claim three of Sohal's complaint alleges negligence and failure to discharge a

28  mandatory government duty under California Government Code section 815.6.  Sohal

1   alleges, in reference to the fraudulent portions of the Minutes and Summary, that the

2   Division and WCALJ Baird had a mandatory duty to submit a truthful summary but

3   submitted a fabricated one instead.  Sohal alleges that on November 6, 2004, when she

4   reviewed the Minutes and Summary, she was injured and suffered emotional and mental

5   anguish that aggravated a preexisting stress disorder.

6          Sohal's fourth claim alleges violation of the Fifth and Fourteenth Amendments of the

7   U.S. Constitution.  Sohal alleges that her equal protection rights were violated by the

8   misrepresentation of facts in the Minutes and Summary.  Sohal claims that her "right to be

9   protected from self-incrimination" was violated because the alleged fraudulent portions of

10  the Minutes and Summary "implicate" her knowledge of the alleged criminal activities,

11  support the "libelous publication," and specify that Sohal's home was the major source of

12  criminal activities.

13         Sohal's fifth claim alleges tortuous interference with business prospects.  Sohal

14  claims that the Minutes and Summary are "libelous and a slander to her character."  She

15  asserts that public access to the Minutes and Summary, that contain false and incriminating

16  information, will interfere with her efforts to obtain future employment.

17         Finally, Sohal's sixth claim alleges intentional infliction of emotional distress.  She

18  claims that the Division and WCALJ Baird were aware of her vulnerability to stress because

19  they reviewed her workers' compensation cases.  She alleges that the Division and WCALJ

20  Baird acted with wanton, reckless disregard for her health (mental and physical) in filing the

21  fraudulent Minutes and Summary, and that her review of the Minutes and Summary caused

22  her emotional and mental anguish and that she continues to be distressed.  She claims that

23  in accordance with the California Government Torts Act, she filed a timely claim for

24  damages under California Government Code section 910.  The claim for damages was

25  denied by the Government Claims Board on May 23, 2005.

26         Sohal requests general, emotional distress, compensatory, and exemplary

27  damages, and the costs associated with this lawsuit.

28         2.      Amended Complaint

6

1    Sohal's amended complaint, filed April 14, 2006, is also very similar to her original

2  complaint.  Her first claim, in which she alleges violation of 42 U.S.C. § 1983 and 42 U.S.C.

3  § 1981, is nearly identical to claim four of her original complaint in this case.  Sohal again

4  contends that her constitutional civil rights were violated, that she was denied due process,

5  that defendants "imputed self-incrimination," and violated her liberty interests in her

6  reputation and property interests in her employment status, and denied her equal protection

7  under the law.

8    Sohal's second claim is for abuse of process.  Sohal's allegations supporting this

9  claim are nearly identical to those in her first claim for abuse of process in the original

10  complaint.

11    Sohal's third claim seeks declaratory and injunctive relief, and her fourth claim

12  demands a jury trial.  These claims simply mirror Sohal's prayers for relief in her original

13  complaint.

**DISCUSSION**

15  A.    Legal Standard

16        1.    12(b)(1)

17    Plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over

18  this complaint when challenged under Fed. R. Civ. P. 12(b)(1).  See, e.g., Tosco Corp. v.

19  Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).  Further, the court may

20  dismiss a case sua sponte for lack of subject matter jurisdiction.  See, e.g., Fed. R. Civ.

21  Proc. 12(h)(3); Scholastic Entm't v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir.

22  2003) (citing Cal. Diversified Promotions, Inc., v. Musick, 505 F.2d 278, 280 (9th Cir. 1974)

23  ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.")).

24

25

26        2.    12(b)(6)

27    A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a

28  claim only where it appears beyond doubt that the plaintiff can prove no set of facts in

7

1    support of the claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan,

2    320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted).  In evaluating a motion to dismiss,

3    all allegations of material fact are taken as true and construed in the light most favorable to

4    the nonmoving party.  See, e.g., Burget v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d

5    661, 663 (9th Cir. 2000) (citations omitted).

6    B.    Defendants' Motion

7            Defendants move to dismiss Sohal's complaints on six grounds; including:

8            (1)    as an impermissible collateral attack on a final state court decision;

9            (2)    because a violation of state law does not give rise to liability under 42

10                  U.S.C.  § 1983 and no federal rights are implicated;

11           (3)    on res judicata grounds;

12           (4)    on Eleventh Amendment immunity grounds;

13           (5)    on judicial immunity grounds; and/ or

14           (6)    for lack of supplemental jurisdiction.

15           The court need not reach all of these grounds, and concludes that the complaints

16   are properly dismissed for the multiple reasons set forth below.

17           1.     The Complaints in these Cases Constitute Impermissible Collateral Attacks

18           Defendants argue that Sohal's complaints constitute impermissible collateral attacks

19   on a final state court decision under the Rooker-Feldman doctrine and thus, that this court

20   lacks subject matter jurisdiction over these claims.  District of Columbia Court of Appeals v.

21   Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).

22   In opposition, Sohal argues that she filed her claims seeking justice for the constitutional

23   violations and tort injuries and not to complain of dissatisfaction with WCALJ Baird's

24   rulings.

25           The Rooker-Feldman doctrine prohibits lower federal courts from hearing either

26   appeals from the state courts, or collateral matters in which the issue raised is "inextricably

27   intertwined" with a state court's final decision, such as when a party claims that a state

28   court judgment itself violated his or her constitutional rights.  Johnson v. DeGrandy, 512

8

1   U.S. 997, 1005-06 (1994).  An issue is considered "inextricably intertwined" with the state

2   court's decision "where the district court must hold that the state court was wrong in order

3   to find in favor of the plaintiff."  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026,

4   1030 (9th Cir. 2001).

5        There is no dispute that Sohal obtained a final decision in her workers'

6   compensation cases, that she appealed that final decision, and that her appeal was denied

7   by the California Supreme Court.  The court concludes, therefore, that all claims in the 1AC

8   in 05-4070, and in the original and amended complaints in 05-4519 constitute

9   impermissible collateral attacks on the state workers' compensation proceedings and on

10  the decision of the California Supreme Court denying Sohal's appeal.  In order for this court

11  to rule in Sohal's favor, the court would have to find that the Division's, and in particular,

12  WCALJ Baird's rulings and decisions were erroneous.  Thus, Sohal's claims are

13  inextricably intertwined with the state court's rulings and decisions.  Because the court

14  lacks subject matter jurisdiction to review a state court's decision, all claims in both cases,

15  including those in the April 14, 2006 amended complaint in case no. 05-4519 must be

16  dismissed.  See, e.g., Fed. R. Civ. Proc. 12(h)(3); Scholastic Entm't, 336 F.3d at 985 (9th

17  Cir. 2003) (citing Cal. Diversified Promotions, Inc., 505 F.2d at 280).

18       2.    Sohal's Federal Claims are not Cognizable under  42 U.S.C. § 1983

19       Sohal has asserted four federal claims in her complaints, including claims one and

20  two in her 1AC in case no. 4070; claim four in her original complaint in case no. 05-4519;

21  and claim one in her amended complaint in case no. 05-4519.

22       Defendants argue that these claims should be dismissed because a violation of state

23  law does not give rise to liability under 42 U.S.C. § 1983.  The Division and WCALJ Baird

24  argue that none of Sohal's complaints allege facts showing that the Division or WCALJ

25  Baird have violated any of her federally protected rights.  They claim that each of Sohal's

26  claims are based on violations of state statutes and administrative regulations.  Sohal did

27  not respond to this argument.

28

1    The Ninth Circuit has held that a plaintiff cannot "sue a state defendant directly

2  under the Constitution where section 1983 provides a remedy." Martinez v. City of Los

3  Angeles, 141 F.3d 1373, 1383 (9th Cir. 1998).  Sohal has attempted to bring claim one of

4  her first amended complaint in case no. 05-4070 directly under the First Amendment of the

5  U.S. Constitution.  However, Sohal must bring her constitutional claims under 42 U.S.C. §

6  1983.  Accordingly, the court construes the claim as brought pursuant to section 1983.

7  However,  "a violation of state law does not lead to liability under § 1983." Campbell v.

8  Burt, 141 F.3d 927, 930 (9th Cir. 1998).  To state a claim under § 1983, a plaintiff must

9  allege the violation of a federally protected right.  W. v. Atkins, 487 U.S. 42, 48 (1988).

10   This court's review of Sohal's complaints confirms that even though she has labeled

11  her claims as federal due process and equal protection violations, they are predicated on

12  rights protected by state law not federal law.  Accordingly, the asserted federal claims must

13  also be dismissed on this basis.

14   3.   Defendants are Entitled to Immunity on Sohal's Remaining State Law Claims

15   Sohal's remaining state law claims, including claims two and four in Sohal's 1AC in

16  case no. 05-4070; claims one, two, three, five, and six in Sohal's original complaint in case

17  no. 05-4519; and claim two in Sohal's amended complaint in case no. 05-4519 must be

18  dismissed on immunity grounds as well.

19   a.   Judicial Immunity

20   Defendants argue that WCALJ Baird has judicial immunity with respect to the

21  following claims: in Sohal's 1AC in case no. 05-4070, her third claim for negligence per se

22  and her fourth claim for intentional infliction of emotional distress; in Sohal's original

23  complaint in case no. 05-4519, her first claim for abuse of process, her second claim for

24  negligence per se, her third claim for negligence and a failure to discharge a mandatory

25  government duty, her fifth claim for tortuous interference with business prospects, and her

26  sixth claim for intentional infliction of emotional distress; and in her amended complaint in

27  case no. 05-4519, her second claim for abuse of process and her third claim requesting

28  declaratory and injunctive relief.

1    Although Sohal seems to acknowledge that her state law claims do not support

2    monetary damages because of judicial immunity, she argues that she is nevertheless

3    entitled to declaratory and injunctive relief.  She argues that state judges can be enjoined

4    from committing acts that violate civil rights even though the court as an entity is not liable

5    under the Civil Rights Act.

6    Judicial officers are granted absolute immunity from suit for actions taken in their

7    official judicial capacity.  Mireles v. Waco, 502 U.S. 9, 9-10 (1991).  The doctrine of judicial

8    immunity also applies to administrative law judges performing judicial functions.  Butz v.

9    Economou, 438 U.S. 478, 513-14 (1978).  Judicial immunity applies "however erroneous

10   the act may have been, and however injurious in its consequences it may have proved to

11   the plaintiff."  Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996).  This immunity is not

12   limited merely to suits for damages but extends also to declaratory, injunctive, or other

13   forms of equitable relief.  Id. at 1234-44.  The only exceptions to the rule are if the judge

14   acts wholly without jurisdiction, or if the acts in question were not undertaken in a judicial

15   capacity.  Id.  at 1244 (citations omitted).

16   All of the acts Sohal alleges WCALJ Baird committed pertain to his judicial functions

17   in the adjudication of Sohal's workers' compensation cases.  Therefore, WCALJ Baird is

18   entitled judicial immunity from the claims asserted against him.

19                  b.    Eleventh Amendment Immunity

20   Defendants argue that the following claims should be dismissed on the ground that

21   the Division has immunity from suit under the Eleventh Amendment: in Sohal's 1AC in case

22   no. 05-4070, her third claim for negligence per se and her fourth claim for intentional

23   infliction of emotional distress; in Sohal's original complaint in case no. 05-4519, her first

24   claim for abuse of process, her second claim for negligence per se, her third claim for

25   negligence and a failure to discharge a mandatory government duty, her fifth claim for

26   tortuous interference with business prospects, and her sixth claim for intentional infliction of

27   emotional distress.  Because the second and third claims in the amended complaint in case

28   no. 05-4519, are the same as in her original complaint, the same arguments would apply.

1    Sohal acknowledges that immunity may preclude monetary relief, but argues that

2  she is still entitled to declaratory and injunctive relief.

3    The Eleventh Amendment bars from federal courts suits against a state by its own

4  citizens, citizens of another state or citizens or subjects of any foreign state.  U.S. Const.

5  Amend. XI; Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139,

6  144 (1993).  "Unless a State has waived its Eleventh Amendment immunity or Congress

7  has overridden it . . . a State cannot be sued directly in its own name regardless of the

8  relief sought."  Ky. v. Graham, 473 U.S. 159, 167 n.14 (1985) (citing Alabama v. Pugh, 438

9  U.S. 781 (1978)).  State agencies are also immune from suit under the Eleventh

10  Amendment.  See, e.g., Simmons v. Sacramento County Superior Court, 318 F.3d 1156,

11  1161 (9th Cir. 2003) (Eleventh Amendment bars suits against state superior courts and its

12  employees) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989)); Franceschi

13  v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (California municipal court is arm of state

14  protected from lawsuit by Eleventh Amendment immunity); Greater Los Angeles

15  Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987) (Eleventh

16  Amendment bars suit against Superior Court of the State of California regardless of relief

17  sought.  "State case law and constitutional provisions make clear that a court is a State

18  agency.").

19    All of Sohal's claims are asserted against the Division.  However, the Division is an

20  agency that was created by the California legislature pursuant to the California State

21  Constitution Article XIV Section four.  As an arm of the state it is entitled to Eleventh

22  Amendment immunity.

23    Accordingly, Sohal's state law claims must be dismissed on these bases as well.

24

25                              **CONCLUSION**

26    Because all of the claims are subject to dismissal on one or more of the grounds

27  advanced by defendants, the court GRANTS defendants' motions to dismiss the 1AC in

28  case no. 05-4070, and the original complaint in case no. 05-4519.  Because the court may

1   dismiss sua sponte for lack of subject matter jurisdiction, the court also dismisses the

2   amended complaint in case no. 05-4519.  Furthermore, because it is clear to the court that

3   Sohal will not be able to state a viable claim against any defendant, the dismissal is without

4   leave to amend.  Cook, Perkiss & Liehe, Inc. v. Northern California Collection Serv., Inc.,

5   911 F.2d 242, 247 (9th Cir. 1990).

6        This order fully adjudicates the matters listed at no. 17 of the clerk's docket for case

7   no. 05-4070, and no. 12 of the clerk's docket for case no. 05-4519.  The clerk shall close

8   the files in both cases.

9        **IT IS SO ORDERED.**

10  Dated: April 28, 2006

11                                        _____

12                                        PHYLLIS J. HAMILTON
                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28